# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL C. GREER,   )   | |
|     Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:19-00432-KD-N |
| ) | |
| WALMART STORES EAST, LP,   ) | |
|     Defendant.   ) | |

## REPORT AND RECOMMENDATION

Plaintiff Samuel C. Greer, represented by counsel, filed the instant case in the Circuit Court of Clarke County, Alabama, seeking relief for personal injuries sustained during a slip and fall at one of the Defendant's stores. The Defendant removed this action to this Court under 28 U.S.C. § 1441 on August 1, 2019. On December 5, 2019, Plaintiff's counsel, Patrick Glenn Montgomery, moved for leave to withdraw as counsel due to "an irretrievable breakdown in the attorney-client relationship…" (Doc. 17). On December 6, 2019, the Court issued an Order granting Montgomery leave to withdraw (Doc. 18). Additionally, Plaintiff was ordered to either have new counsel file a notice of appearance, or to file written notice with the Court stating whether he intended to continue prosecuting this action pro se, by December 30, 2019 (Doc. 18). That order was served on Plaintiff by both regular and certified U.S. mail at the address provided by his former counsel. On December 30, 2019, the order sent by certified mail was returned as "unclaimed-unable to forward" (Doc. 19), but the order sent by regular mail has not been returned as undeliverable.

After the Plaintiff failed to respond to the December 6, 2019 order by the given

deadline, on January 10, 2020, the Court gave the Plaintiff an extension of time to comply with the December 6, 2019 order, until January 31, 2020 (Doc. 20). To date, Plaintiff has not responded to the Court's January 10, 2020 order, nor has the document been returned as undeliverable. In both of the aforementioned orders, Plaintiff was cautioned that his failure to comply with the Court's orders would be construed as abandonment of this action and would result in a recommendation that this action would be dismissed without prejudice for failure to prosecute and to obey the Court's order. Additionally, the Defendant has recently filed a motion to dismiss under Federal Rule of Civil Procedure 41(b) for failure to prosecute based on the above-described circumstances (Doc. 21).

The Court construes the Plaintiff's lack of a response to its orders as an indication that he is no longer interested in proceeding with his action. Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A Court may also dismiss an action <u>sua sponte</u> for failure to prosecute and obey its orders, under both Rule 41(b) and its inherent power to manage its docket. See <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005). As a consequence of Plaintiff's failure to comply with the Court's prior orders or to otherwise prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that the Defendant's motion to dismiss (Doc. 21) be **GRANTED**, and that this action be dismissed without prejudice under both Rule 41(b) and the Court's inherent power to manage its docket, as no other lesser sanction will suffice.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific

DONE this 12th day of February, 2020.

s/KATHERINE P. NELSON  
UNITED STATES MAGISTRATE JUDGE
